AMPERSAND HOTEL COMPANY, Appellant, *v.* ORIENT INSURANCE COMPANY, Respondent, Impleaded with Another.

*Ampersand Hotel Co.* v. *Orient Ins. Co.*, 146 App. Div. 896, reversed.

(Argued January 10, 1912; decided January 23, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 9, 1911, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the answer.

The following question was certified: "Are the allegations contained in the sixth and separate defense of the amended answer of the defendant Orient Insurance Company verified October 19, 1910, sufficient in law to constitute a defense to this action?"

*William B. Ellison* and *Frank J. Ryan* for appellant.

*Hartwell Cabell* for respondent.

WILLARD BARTLETT, J. The questions presented by this appeal are substantially the same as those which were decided by this court in *Ampersand Hotel Co.* v. *Home Ins. Co.* (198 N. Y. 495). This is another suit brought upon a similar policy of insurance to recover a part of the loss occasioned by the same fire. In the defense, which was attacked by the demurrer in the former case, the defense relied upon a conspiracy which failed of accomplishment as avoiding the policy because it constituted a fraud touching a matter relating to the insurance or the subject thereof and because it increased the hazard.

This court held that the defense was insufficient in law, inasmuch as the conspiracy must have been put into execution and not merely have remained in plan in order to be the subject of legal complaint, and inasmuch as the conspiracy was not the cause of the fire and had no connection with it. (See opinion of GRAY, J., pp. 498, 499.)

The sixth defense in the present case differs from the sixth defense in the action against the Home Insurance Company in two respects only. In the present case the conspiracy is alleged to have been entered into "during the year 1905," whereas in the former case it was alleged to have been entered into on or about the 10th day of September, 1907, which was only thirteen days before the fire. The other difference is that the defense in the present case sets out in some detail various acts done by the alleged conspirators in preparation for the eventual destruction of the Ampersand Hotel; whereas the defense in the former action merely averred that while the conspiracy was still in existence and in process of accomplishment the fire occurred.

It is perfectly clear to my mind that this difference did not make the defense now under review any more sufficient in law than was the defense which this court condemned in *Ampersand Hotel-Co.* v. *Home Fire Ins. Co.* (*supra*). In that case Judge GRAY, speaking for a majority of the court, said: "The defendant could not sue for damages by reason of the conspiracy and, if that be true, I think it could not set it up as a defense to the performance of its contract." (p. 500.) The test thus suggested is equally fatal to the defense here. The additional matter pleaded does not suffice to make out a cause of action for conspiracy in favor of the defendant.

For these reasons I think that the order of the Appellate Division should be reversed and judgment directed in favor of the plaintiff upon the demurrer.

CHASE, J. (dissenting). I am of the opinion that the defense demurred to should be read as if it specifically alleged that the policy in suit was obtained as a step in

the consummation of the alleged conspiracy. So read the demurrer thereto should be overruled.

CULLEN, Ch. J., HAIGHT, WERNER and COLLIN, JJ., concur with WILLARD BARTLETT, J. VANN, J., concurs with CHASE, J.

Order reversed and demurrer sustained, with costs in all courts, with leave to defendant to withdraw defense on payment within twenty days of such costs. Question certified answered in the negative.